**In re G.Y. TRUCKING, INC., Debtor.**

**ASSOCIATES COMMERCIAL CORPORATION, Plaintiff,**

**v.**

**G.Y. TRUCKING, INC., Defendant.**

**Bankruptcy No. 5–81–00141.**
**Adv. No. 5–82–0484.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Nov. 8, 1982.

---

1. "Each provision of this of this division with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor." § 9202.

J. Brian Foley, Scranton, Pa., for plaintiff.

Ronald M. Bugaj, Honesdale, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

In this action Associates Commercial Corporation (Associates) has commenced an adversary proceeding against the debtor for leave to repossess two trucks pursuant to a security agreement. For the reasons cited herein we grant the relief requested.

## FINDINGS OF FACT

1. The debtor, G.Y. Trucking, Inc., filed for relief under Chapter 11 of the Bankruptcy Code on February 27, 1981.

2. Associates holds a security interest in two trucks owned by the debtor, a 1981 International and a 1980 GMC.

3. The debtor filed a Chapter 11 plan on October 28, 1981. The plan was confirmed by the court on February 25, 1982.

4. Said plan provided that the debtor would pay to Associates $1,224.37 per month for the 1981 International and $1,309.17 per month for the 1980 GMC.

5. The debtor has failed to make its monthly payments pursuant to the plan. Current arrearages to Associates are in excess of $17,000.

6. Following the commencement of the bankruptcy the 1980 GMC truck was stolen and stripped of much of its equipment. Although subsequently returned to the debtor, the vehicle has suffered a substantial diminution in value.

7. The debtor has no equity in the 1980 GMC truck.

8. The fair market value of the 1981 International truck is $32,000. The principal indebtedness of this vehicle as of October 15, 1982, is at least $37,000.

9. The debtor has no equity in the 1981 International truck.

10. At a hearing held on September 3, 1982, the debtor's attorney stated that $5,000 would be paid to Associates by September 8 for partial payment of post-petition use of the trucks. The attorney also stated that one of the vehicles would be available for inspection by Associates by September 13. The money was not paid and the vehicle was not available for inspection.

## DISCUSSION

 Associates has commenced an adversary proceeding to repossess two trucks owned by the debtor. Associates' rights to repossess the vehicles are currently stayed by 11 U.S.C. § 362(a) which enjoins all debt collection efforts against a debtor who has filed for relief under the Bankruptcy Code. Section 362(d) provides that relief from the stay can be granted:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property;

and

(B) such property is not necessary to an effective reorganization.

Cause for relief from the stay under § 362(d)(1) includes the debtor's lack of good faith. *In Re Victory Construction Co., Inc.,* 9 B.R. 549, 558–60 (Bkrtcy.C.D.Cal. 1981). We find that the debtor's failure to allow Associates to inspect one of the trucks, as was agreed by counsel, constitutes bad faith. Further evidence of bad faith is the debtor's failure to pay Associates the $5000 interim payment for the use of the trucks as was also agreed.

We grant the plaintiff relief from the stay on the alternative basis of 11 U.S.C. § 362(d)(2). The indebtedness owed to the plaintiff on each of the trucks exceeds its fair market value. Furthermore, the debtor failed to meet its burden of proving that the trucks were necessary to an effective reorganization. § 362(g)(2). Consequently, relief can be afforded under § 362(d)(2).

## CONCLUSION OF LAW

The automatic stay imposed by 11 U.S.C. § 362(a) will be modified to allow Associates to repossess the two trucks in which it holds a security interest.