**In re Ben Preston HALL, Debtor.**

**Bankruptcy No. BK–82–00669.**

United States Bankruptcy Court
W.D. Oklahoma.

June 28, 1983.

Fred S. Morgan, Oklahoma City, Okl., for claimant, Laurens Glass Co.

Chuck Moss, Oklahoma City, Okl., for debtor Ben Preston Hall.

MEMORANDUM OPINION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

On February 22, 1982, a default judgment was entered against Debtor in the United States District Court for the Western Dis-

trict of Oklahoma in the amount of seventeen thousand eight hundred nine dollars and twenty-seven cents ($17,809.27). Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 20, 1982. Claimant herein, Laurens Glass Co., filed a proof of claim in the bankruptcy proceedings based upon the amount of the default judgment. Debtor filed an objection to the claim on February 11, 1983.

It is Debtor's position that the Court has the power, under the doctrine of collateral estoppel, to properly set aside a default judgment, citing *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Opposing this, Claimant contends that Debtor should be collaterally estopped from objecting to the claim or, in the alternative, we find that relitigation of the issues of liability unnecessary due to the prior determination in Federal District Court.

## CONCLUSIONS OF LAW

The narrow question which the Court needs answer is a single one. Should the Court be bound by a claim whose value has been determined in a prior court proceeding? Debtor urges the Court to consider evidence extrinsic to the judgment and record of the Federal District Court and exercise our power by setting aside the default judgment.

Based on briefs submitted on behalf of Debtor and Claimant, there appears to exist some degree of confusion as to whether we are dealing with the doctrine of collateral estoppel or that of res judicata. Such confusion is easily clarified.

■ "Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen, supra,* n. 10 at 139, 99 S.Ct. n. 10 at 2213. Since collateral estoppel deals only with those matters actually litigated, a default judgment can not perforce give rise to collateral estoppel. "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata ... even if obtained upon default." *Morris v.*

*Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947). *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment (e) (1982) (in a case of judgment entered by default, none of the issues is actually litigated, therefore, determination is not conclusive and rule of issue preclusion would not apply). Clearly then, the doctrine before the Court is that of res judicata.

*Brown v. Felsen, supra,* dealt with the issue of whether a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state court collection suit when determining whether a debt was dischargeable. In a unanimous opinion the Supreme Court held that a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state court suit when determining whether a debt reduced to judgment in the state court is dischargeable under § 17 of the Bankruptcy Act (11 U.S.C. § 523), since res judicata does not apply so as to bar the offering of additional evidence to meet a new defense of bankruptcy asserted by a debtor. A brief summary of the facts in *Brown* is appropriate.

A short time after the settlement of a state court collection suit by a stipulation which provided that a guarantor for a debtor should have judgment against the debtor, the debtor filed a petition for voluntary bankruptcy and sought to have the debt evidenced by the state court judgment discharged under § 17 of the Bankruptcy Act (11 U.S.C. § 523). In the bankruptcy court the guarantor sought to establish that the debt was not dischargeable on the ground that it was the product of the debtor's fraud, deceit and malicious conversion and so came within §§ 17a(2) and 17a(4) of the Act (11 U.S.C. §§ 523(a)(2) and 523(a)(4)). The debtor moved for summary judgment, arguing that the prior state court proceeding did not result in a finding of fraud and that res judicata barred relitigation of the nature of his debt to the guarantor, even though the application of § 17 of the Act had not been in issue in the prior proceed-

ing. Discussing the aspect of res judicata, the Court stated:

> Res judicata ensures the finality of decisions. Under res judicata 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' (citation omitted). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. (citations omitted).

*Brown v. Felson, supra,* 442 U.S. at 131, 99 S.Ct. at 2209. The Court then went on to state that "[n]either the interests served by res judicata, the process of orderly adjudication in state courts, *nor the policies of the Bankruptcy Act* would be well served by foreclosing [debtor] from submitting additional evidence to prove his case." *Id.* at 132, 99 S.Ct. at 2209 (emphasis supplied). Reasoning that issues of dischargeability are totally within the purview of the bankruptcy courts, as opposed to a state law concept, the Supreme Court held that the bankruptcy court would not be barred by res judicata. This is owing to the fact that the state law concept frequently differs from that adopted in the federal statute. In this regard *see Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) (misappropriation of funds held pursuant to a "trust receipt", not a breach of an express trust sufficient to constitute an act done "as an officer or in a fiduciary capacity" within the meaning of § 17a(4) of the Act (11 U.S.C. § 523(a)(4)).

▮ When a debtor comes into bankruptcy court he carries with him certain fixed rights and liabilities. In the instant case, Debtor comes before the Court with a seventeen thousand eight hundred nine dollar and twenty-seven cent ($17,809.27) judgment against him. That judgment exists. It is there. The fact that it was obtained by default does not concern us for Debtor was at all times accorded due process. There is no overriding federal policy preventing us from accepting the judgment at face value. Here we are not dealing with a question of dischargeability and the stan-

dards and degree of proof required to prevent the same. Hence, Debtor's reliance on *Brown v. Felson, supra,* is misplaced. Rather we are asked to set aside a valid default judgment, to give Debtor a second chance. This we decline to do.

The Supreme Court in *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) stated that "[the] doctrine of res judicata is not a mere matter of practice and procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and private peace,' which should be cordially regarded and enforced by the court:..." (quoting *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917)). The Court in *Federated* then went on and noted that "[t]he language used by this Court half a century ago is even more compelling in view of today's crowded dockets:"

> The predicament in which respondent finds himself is of his own making .... [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of res judicata, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy. And the mischief which would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.

*Id.* 452 U.S. at 401–402, 101 S.Ct. at 2429–2430 (quoting *Reed v. Allen,* 286 U.S. 191 at 198–199, 52 S.Ct. 532 at 533–534, 76 L.Ed. 1054 (1932)).

The bankruptcy courts are available to give the honest debtor a fresh start. They should not be available to provide an unhappy litigant a second forum to relitigate lost issues.

In light of the above therefore, we will not set aside the default judgment entered

in Federal District Court. Further, under the doctrine of res judicata, we hold the debtor is bound thereby.

IT IS SO ORDERED.

An appropriate Judgment will be entered.

Pursuant to B.R. 752 this Memorandum Opinion constitutes the findings of fact and conclusions of law.