**In re Joseph Daniel PITTS.**

**Bankruptcy No. 82–03411A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 29, 1983.

Glenda Hardigg, Hardigg & Hardigg, Atlanta, Ga., for petitioner.

C. Jeffrey Kaufman, Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's objection to C. Jeffrey Kaufman's proof of claim. Mr. Kaufman's claim is based on a DeKalb State Court judgment of March 20, 1980 in the amount of $5,647.21. The debtor filed his Chapter 13 petition on July 23, 1982. On October 12, 1982, this Court ordered that Kaufman's proof of claim be allowed as secured. The debtor's objection to Mr. Kaufman's proof of claim seeks to have this Court set aside the judgment of the State Court of DeKalb County. Mr. Kaufman contends that this Court cannot go behind that state court judgment.

Under 11 U.S.C. § 502, a proof of claim is deemed allowed unless a party in interest objects to that claim. Where such an objection is made, the Court must determine the amount of such claim as of the date of the filing of the petition and is to allow such claim in that amount except where that claim is unenforceable against the debtor and unenforceable against property of the debtor, or where such claim is for an unmatured interest, 11 U.S.C. §§ 502(b)(1), (2). In the instant case, the objected to claim was reduced to judgment by the State Court twenty months prior to the debtor's filing of his bankruptcy petition. This judgment is secured by a recorded writ of fieri facias in DeKalb County, Georgia. Therefore, the amount of the claim at the date of the filing of this petition was the same as the State Court judgment in DeKalb County. Thus, the credi-

tor's claim is enforceable against the debtor and against the property of the debtor and is not for an unmatured interest.

The debtor in this case seeks to attack the validity of the State Court judgment. However, the validity of the claim of a creditor which is based on a state court judgment may be attacked in Bankruptcy Court by an objection to a proof of claim only upon the grounds that there was lack of jurisdiction over the parties or subject matter of the suit or that the judgment was the product of fraud.[1] *In re Arker,* 6 B.R. 632, 635 (Bkrtcy.E.D.N.Y.1980), citing *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946). In those cases, the debtor's objections to claims based upon state court judgments were denied because there were no allegations that the state court judgments were procured by fraud. It is true that the Bankruptcy Court's equitable powers include the power to set aside fraudulent claims, including a fraudulent judgment where the issue of fraud has not been previously adjudicated, but there is no principle of law or equity which sanctions the rejection by a federal court of the principle of *res judicata. Heiser* at 732, 733, 66 S.Ct. at 855, 856. Where an issue has been previously litigated in the state court, the principle of *res judicata* precludes the parties from relitigating that matter in the Bankruptcy Court. The Bankruptcy Court may not reexamine those issues already determined by the state court in rendering its judgment. *Id.* at 736, 66 S.Ct. at 857.

The debtor cites *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 for the proposition that the Bankruptcy Court may inquire into the validity of claims asserted against the debtor's estate. In *Heiser,* the Supreme Court held that *Pepper* supported that position only to the extent that those issues raised in the Bankruptcy Court were not previously litigated in the State Court. In passing on the validity of a creditor's claim, the Bankruptcy Court may not disregard the principle of *res judicata. Id.* 327 U.S. at 737, 66 S.Ct. at 858.

In the instant case, the debtor has made no allegations that the state court judgment was fraudulently obtained or that there were any jurisdictional defects. Therefore, the debtor cannot collaterally attack the judgment of the State Court of DeKalb County in this Court. To allow such a collateral attack would be violative of the principle of *res judicata,* and the important public policy that there must be some finality to litigation. When a contested issue is decided against a party, that party may not revive that litigation in another court. *Baldwin v. Iowa State Traveling Men's Association,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

Therefore, for the above-stated reasons, the debtor's objection to creditor Kaufman's proof of claim is denied.

IT IS SO ORDERED.

---

1. This statement is limited further by the fact that the Bankruptcy Court is not limited by *res judicata* principles in examining a dischargeability of debt issue. *Brown v. Felson,* 442 U.S.

127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Gilbert v. Gilbert,* Adversary Proceeding No. 81–0191N (Bkrtcy.N.D.Ga., December 17, 1981).