**In re A–1 24 HOUR TOWING, INC., Debtor.**

**Bankruptcy No. BK–LV–82–635.**

United States Bankruptcy Court, D. Nevada.

Sept. 19, 1983.

Lenard D. Schwartzer, Las Vegas, Nev., for debtor.

Stanley W. Pierce, Las Vegas, Nev., for creditor Raymond H. Davis dba Desert Auto Wrecking.

ORDER

ROBERT C. JONES, Bankruptcy Judge.

*Background*

In August of 1979 creditor Raymond H. Davis, doing business as Desert Auto

Wrecking in Las Vegas, purchased 68 cars from the debtor's towing service for $10,-000.00. Of the 44 cars actually delivered, some of the most valuable were shortly thereafter impounded by the police and later returned not to Davis but to the debtor, which resold them to third parties. Because of the losses arising from this transaction, Davis brought an action for damages in the Eighth Judicial District Court in Las Vegas and was eventually granted a default judgment against the debtor on 3 September 1980 for $29,299.08. This money judgment included $22,686.00 for damages, $1,544.58 in interest, costs of $68.50, and punitive damages of $5,000.00.

This debtor filed its initial Chapter 11 case on 14 May 1981, which was dismissed on 12 May 1982. The present Chapter 11 case was filed on 20 May 1982. The amount of the Davis debt as scheduled by the debtor in the present Chapter 11 case is $29,-645.15,[1] and it is not listed as disputed. Though not disputed on the schedules, on 27 October 1982 the debtor included this debt in its objection to various claims.

At the 23 March 1983 hearing on this particular objection, the debtor's attorney explained that after the debtor's original attorney allowed the default judgment to be entered the debtor retained a second attorney to collaterally attack the default judgment; but before the motion to set aside was heard by the state court the debtor filed its first petition and the state court did not formally rule. The debtor's present bankruptcy counsel admitted that because the motion to set aside was made more than six months after the entry of the judgment the motion would have been denied by the state court. See Nev.R.Civ.P. 60(b). However, counsel argued that there are other means available for the collateral attack of the judgment other than a motion to set aside filed within six months. Rule 60(b) states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."

The above facts were presented to the Court by way of exhibits, argument, briefs, and court files.

*Arguments of Counsel*

Notwithstanding the pre-petition judgment entered by the state court, counsel for the debtor argued that the bankruptcy court has the equitable power to look behind the judgment and ascertain its true amount. Debtor argued that the amount of the judgment is grossly disproportionate to the true extent of the creditor's losses and that the main effect of allowing the claim amount to stand as stated would be to prejudice the other unsecured creditors. This debt is the largest claim against the estate, and the validity of it is purportedly crucial to the success of any proposed Chapter 11 plan (none has yet been filed).

Creditor's counsel argued that any independent action filed to attack the judgment must be, according to Nevada case law, based upon allegations of fraud, which has not been alleged in this case.

At the conclusion of the hearing and argument, the Court asked the parties to brief the question of whether the Court has any right to look behind the judgment. The parties agreed that if the Court concluded there was no such right the objection to the claim would be denied. If, however, the Court decided that such a right or power did exist, then it was agreed that a subsequent evidentiary hearing must be scheduled to determine whether the Court *should* look behind the judgment and, if so, to further determine the amount of the Davis claim against the debtor's estate.[2]

Neither party has raised the question of subordination of the claim or any portion of it. See for example, 11 U.S.C. § 726(a)(4)

1. The discrepancy between the proof of claim amount and the judgment amount has not been explained by the parties, but perhaps reflects post-judgment and pre-petition date interest on the claim.

2. The Court assumes jurisdiction over this matter pursuant to Local Rule 118 of the District of Nevada ("Emergency Rule"), adopted by Special Order No. 35, dated 22 December 1982.

as to punitive damages, and 11 U.S.C. § 1129(a)(7) and (b)(2)(B).

*Discussion*

Although not articulated by counsel, the question is whether the sanctity of a prior court default money judgment,[3] protected and preserved by the operation of full faith and credit and res judicata, may be violated or abridged by the bankruptcy court's exercise of its equitable power (28 U.S.C. § 1481).

Constitutionally-mandated full faith and credit only applies when both the first and second judicial proceedings are in state court. U.S. Const. art. 4, § 1. However, there is also a federal statutory full faith and credit clause operative on the courts of the United States. 28 U.S.C. § 1738.[4] "Section 1738 requires federal courts to give the same preclusive effect to state court judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982).

As noted by creditor's counsel, the procedure for challenging a prior judgment in state court (once the appeal time has run) is to file a Rule 60(b) independent action. The "independent action" segment of this rule has been read by the state's highest court to "afford relief upon proof of extrinsic fraud." *Savage v. Salzmann,* 88 Nev. 193, 495 P.2d 367, 368 (1972). Extrinsic fraud was defined by that same court as

fraud by reason of which " 'there was, in fact, no adversary trial or decision of the issue in the case'; where 'there has never been a real contest in the trial or hearing

of the case.' " *Villalon v. Brown,* 70 Nev. 456, 569, 273 P.2d 409, 415 (1954), citing *United States v. Throckmorton,* 98 U.S. 61 [25 L.Ed. 93] . . . (1878). "Extrinsic fraud has been held to exist when the unsuccessful party is kept away from the court by a false promise or compromise, or such conduct as prevents a real trial upon the issues involved, or any other act or omission which procures the absence of the unsuccessful party at the trial. Further, it consists of fraud by the other party to the suit which prevents the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial." *Murphy v. Murphy,* 65 Nev. 264, 271, 193 P.2d 850, 854 (1948) quoted with approval in *Colby v. Colby,* 78 Nev. 150, 369 P.2d 1019 (1962).

*Id.* But the debtor has not alleged that the default judgment was the product of fraud, only that somehow an error was made in determining the damages. Indeed, it appears that the debtor realizes it has no basis in law to sustain an action collaterally attacking the judgment in state court or it surely would have filed one by now.[5] Instead, the debtor comes to this Court for relief in equity.

This absence of a basis for an independent state court action may be subsumed within the following recognized limitations on the operation of full faith and credit:

The doctrine of full faith and credit extends only to valid judgments. And even for valid judgments full faith and credit is subject to limitations. There-

---

**3.** To be distinguished from prior judgments relating to debtors' conduct that may preclude the dischargeability of a debt or a general discharge in bankruptcy. "It is true, as pointed out by plaintiffs that this court has refused to be bound by state court judgments in dischargeability cases, however, dischargeability of debts in an entirely different matter. This court is bound by the determinations of state courts as to findings of liability, damages and interest charges." *In re Lucas,* 21 B.R. 794, 799 (Bkrtcy.W.D.Mich.1982). *See also Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (the unique context of dischargeability is discussed at length).

**4.** "The . . . judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ."

**5.** The automatic stay of 11 U.S.C. § 362(a) does not prevent the debtor from pursuing such an action. Also, the bankruptcy court has only concurrent jurisdiction, not exclusive jurisdiction over such "related" matters. 28 U.S.C. § 1471(b).

fore, it is generally considered that full faith and credit does not apply where (1) there is no jurisdiction over the parties, (2) there is an overriding policy of the forum state against the application of full faith and credit in a particular instance, and (3) there is a limitation intrinsically related to the judgment which would prevent the application of full faith and credit in a particular instance. *In re Goodman,* 25 B.R. 932, 936 (Bkrtcy.N.D.Ill.1982) (footnotes omitted). The debtor has not argued that the default judgment is invalid, nor that the state court did not have jurisdiction over the parties. Again, the dollar amount of the judgment appears to be the only dispute. Nor has it been argued that there exists a "limitation intrinsically related to the judgment which would prevent the application of full faith and credit." Instead, unknowingly to be sure, the debtor is arguing that the second limitation is applicable to the present matter—that the bankruptcy court, as the forum court, has an "overriding policy" of exercising its equitable power in appropriate circumstances to examine and perhaps readjust the amount of a claim reduced to judgment.[6] The question of if and when this Court's equitable power may be so used will be discussed below.

Under res judicata (also commonly known as "claim preclusion") "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Also, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 132, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Further, "[a] judgment of a court having jurisdiction of the parties and of the subject-matter operates as res judicata, in the absence of fraud or collusion, *even if*

*obtained upon a default." Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929) (emphasis added). *See also In re White,* 18 B.R. 246 (Bkrtcy.E.D.Va. 1982); *In re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa.1982); *In re McKenna,* 4 B.R. 160 (Bkrtcy.N.D.Ill.1980).

Addressing res judicata in the present bankruptcy context the Eighth Circuit Court of Appeals has recognized that "[a]s a general rule, in allowing and disallowing claims of creditors, bankruptcy courts are required to give res judicata effect to prior judgments of non-bankruptcy courts.... It is, however, well established that bankruptcy courts are courts of equity with broad powers to disallow or subordinate claims when equitable considerations warrant." *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 708 (8th Cir.1979). In *Kapp,* the debtor attempted to attack a claim reduced to judgment by default in the state court. The circuit court reversed the bankruptcy and district courts by ruling that res judicata should have been accorded the state court judgment. The court held that the debtor had failed to show below that the judgment had been procured by fraud or collusion, or that the state court lacked jurisdiction—three recognized instances in which bankruptcy courts have used their equitable power to circumvent the effect of res judicata. The *Kapp* court also held:

> The defense that he was not personally liable for the debts was clearly available to Kapp at the time of the state proceedings. Although he had every opportunity to defend against the claims, he elected to permit judgment to be taken against him. Res judicata precludes this belated assertion of defenses to causes of action finally adjudicated in the state court.

*Id.* In so holding, the court refused to expand the equitable grounds for suspending the effect of res judicata beyond those previously recognized in the case law.

One of the principal cases relied upon by the *Kapp* court, *Heiser v. Woodruff,* 327

---

**6.** *See In re Goodman,* 25 B.R. at 937, finding such an overriding policy in the bankruptcy court's exclusive jurisdiction to decide cases of dischargeability. *See also In re Hall,* 31 B.R.

148, 150 (Bkrtcy.W.D.Okla.1983) (court found no overriding federal policy preventing it "from accepting the [default] judgment at face value.").

U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), dealt with a challenge to a pre-petition money judgment obtained against the debtor in state court. The claim was objected to on the grounds that the judgment upon which it was based was procured by fraud through the use of false allegations in the complaint and perjured testimony at trial. Because those allegations were rejected at a contested hearing to set aside the default judgment, the Supreme Court held that res judicata should be given effect. The court agreed that in an appropriate case a fraudulent claim might be set aside if the fraud were not previously adjudicated. The *Heiser* court also said that nothing in the venerable case of *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), lends support to a contrary position:

> Undoubtedly, since the bankruptcy act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party.... But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself. It has, from an early date, been held to the contrary....
>
> ....
>
> Neither *Pepper v. Litton,* supra, on which the respondents chiefly rely, nor the other cases which they cite, sustain the contention that the bankruptcy court, in passing on the validity of creditors' claims, may disregard the principle of res judicata.

327 U.S. at 736–37, 66 S.Ct. at 857–58.

In *Pepper,* the case upon which present debtor also heavily relies, the Su-

preme Court through Mr. Justice Douglas stated that a claim reduced to judgment may be collaterally attacked and disallowed "if it is ascertained to be without lawful existence," or "it was obtained by collusion of the parties or is founded upon no real debt." *Id.* 308 U.S. at 305–06, 60 S.Ct. at 244–45. A contemporary example of a case in which the bankruptcy court looked behind the judgment and concluded there was no real debt is *In re Lockwood,* 14 B.R. 374 (Bkrtcy.E.D.N.Y.1981).

Also citing *Pepper* is *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221 (2d Cir.1957), which recognized that res judicata is subject to the bankruptcy court's equitable powers when the prior judgment is the product of fraud or collusion, and also held that a judgment "not founded on any legally enforceable obligation" is susceptible to collateral attack. *Id.* at 224.[7]

In addition to fraud and the lack of jurisdiction, the court in *In re KDI Corp.,* 14 B.R. 350 (Bkrtcy.S.D.Ohio 1981), recognized duress as a ground justifying inquiry into the prior judgment.

In summary, the bankruptcy court's equitable power may be exercised to look behind a prior judgment and it may be collaterally attacked when (1) it is the product of fraud, collusion, or duress, (2) when the prior court lacked subject matter or personal jurisdiction, or (3) when the judgment was founded on no real debt or on a legally unenforceable obligation. In the present case, the debtor alleges none of these grounds.

As can be seen, the circumstances in which equitable considerations outweigh the policies behind the finality of judgments and comity[8] are few, and there is

---

**7.** For a survey of many of the case cited above, see *Matter of Farrell,* 27 B.R. 241 (Bkrtcy.E.D. N.Y.1982) (court declined to look behind the state court default judgment of foreclosure). Also, in another very recent bankruptcy decision, the court refused to set aside the prior state court judgment because there were no

allegations of jurisdictional defects or fraud. *In re Pitts,* 31 B.R. 90 (Bkrtcy.N.D.Ga.1983).

**8.** The unique function of the Bankruptcy Court has resulted in Court inquiries into the judgments of other Courts regarding, for example, alimony, maintenance, child support,

286

insufficient cause for expansion based upon the allegations presented here. It is only when paramount equitable interests are presented that res judicata and full faith and credit are not given their usual effect. The important policies advanced by res judicata were recently recounted by the Supreme Court: "We have stressed that 'the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the court.'" *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981). Also, in *Brown v. Felsen,* 442 U.S. at 137, 99 S.Ct. at 2212, the court stated that "[r]es judicata ... encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."

*Conclusion*

Given the above, an evidentiary hearing will not serve a useful purpose because the debtor has not alleged facts which, if true, would entitle it to the relief sought. The case simply does not present circumstances that would justify abrogation of full faith and credit and res judicata. Therefore, it is hereby

ORDERED that the debtor in possession's objection to the allowance of creditor Davis's claim is denied.

and willful and malicious injury.... Nevertheless, absent exceptional circumstances, this Court, as a general rule, and as a matter of fundamental comity, will not disturb a state court decision rendered prior to the commencement of bankruptcy proceedings.... The requested collateral attack on the Common Pleas Court judgment should be limited by this Court to only the question of Common Pleas Court jurisdiction in the original suit, even if pleadings in this Court might *prima facie* indicate error.... It is noted that the equity jurisdiction of the Bankruptcy Court as to judgments in state courts obtained by fraud, unconscionability, or other equitable grounds is not involved *instanter.* In the instant case, the Trustee should properly have sought remedy for the alleged improper sale of the debtor's property directly in the Common Pleas Court.
*Butz v. Bancohio Nat'l Bank,* 13 B.R. 425, 428–29 (Bkrtcy.S.D.Ohio 1981).