**In re Ralph J. FAZIO, Debtor.**

**Ralph J. FAZIO, Plaintiff,**

**v.**

**ALAN SINTON, LTD., Defendant.**

**Bankruptcy No. 83–03102G.**

**Adv. No. 84–0662.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 13, 1984.

As Amended Sept. 27, 1984.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for movant, Alan Sinton, Ltd.

Alan L. Spielman, Philadelphia, Pa., for debtor, Ralph J. Fazio.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issues at bench are whether we should allow a creditor's claim over a debtor's objection that the judgment on which the claim is based is void, and whether, as a result of the debtor's conduct, the creditor is entitled to relief from the stay in order to execute on the judgment. The questions are before us on the creditor's motion to dismiss the debtor's complaint. For the reasons stated herein, we will allow the claim, and deny the creditor's motion for relief from the stay.

The facts of the case are as follows:[1] In March of 1982, Ralph and Mary Fazio executed a note payable to Alan Sinton, Ltd. ("the creditor") in the sum of $19,323.30. No payments were made on the note and, eight months later, the creditor confessed judgment against the Fazios in the amount of $19,323.30 in the Court of Common Pleas of Chester County. No attempt was made to have the judgment either stricken or opened. In August of 1983, Ralph Fazio ("the debtor") filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") listing the creditor as unsecured. In February of 1984, the creditor filed a proof of claim in the amount of $19,323.30 based on its judgment against the debtor and, two months later, commenced proceedings pursuant to § 362(d)(1), in order to enforce the judgment. Alternatively, the creditor requested an order conditioning the continuation of the stay on the debtor's provision of monthly payments to the creditor in order to adequately protect the creditor's interest in the debtor's real property. In June, the debtor filed an objection to the proof of claim, pursuant to § 502(b)(1), alleging that the judgment on which the claim is based is void because of procedural irregularities. In addition, at the evidentiary hearing, the debtor offered testimony that, at the time of its execution, the note secured both existing and anticipated indebtedness. The debtor further testified that, since no further indebtedness arose after the note's execution, the amount of the confessed judgment was more than the amount of the actual debt, which totalled only $13,000.00. At the hearing, the creditor moved to dismiss the debtor's complaint.

■ The evidentiary effect to be afforded a proof of claim is specified in Rule

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

3001(f) which states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The debtor has failed to sustain the burden of proof necessary to overcome the presumption of the validity of the creditor's proof of claim.

In support of his position that the claim should not be allowed, the debtor asserts that, because the creditor did not follow the correct procedure in confessing the judgment, the judgment rendered by the state court is void, and that it should be struck by this court. As we indicated above, the debtor also testified that the amount of the judgment exceeded the amount of the actual debt by $6,000.00. We need not reach the merits of the debtor's contentions since we conclude that it would not be appropriate for this court either to strike the judgment or to open the judgment in order to amend the amount.

■ Where a creditor's claim is predicated on a state court judgment, the claim may be attacked as invalid in the Bankruptcy Court on the grounds that the court rendering the judgment did not have jurisdiction over the parties or subject matter of the suit or that the judgment is a product of fraud, collusion or duress. *Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Kapp v. Naturelle, Inc.,* 611 F.2d 703 (8th Cir.1979); *In Re A–1 24 Hour Towing, Inc.,* 33 B.R. 281 (Bankr.D.Nev. 1983); *In Re Pitts,* 31 B.R. 90 (Bankr.N.D. Ga.1983); *In Re Arker,* 6 B.R. 632 (Bankr. E.D.N.Y.1980). Also, a claim based on a judgment has been reduced when the judgment amount exceeded an express limitation imposed by the Code. *In Re Bus Stop, Inc.,* 3 B.R. 26 (Bankr.S.D.Fla.1980). Because the debtor has alleged none of the grounds which would permit an attack on the state court judgment in this court, we conclude that the claim should be allowed, and will grant the creditor's motion to dismiss the complaint.

We do not adopt the position of the court in *Thomas v. Security-Peoples Bank & Trust Co. (In Re Maloney),* 36 B.R. 869 (Bankr.W.D.Pa.1984) which struck a confessed judgment. The facts in that case are, moreover, distinguishable from those in the case at bench since both of the parties to the Maloney proceeding admitted that the judgment was invalid.

The creditor moves for relief from the stay pursuant to § 362(d)(1) which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest....

■ A party seeking relief from the stay under § 362(d)(1) must establish a prima facie case for such relief. *Continental Bank v. Bobroff (In re Bobroff),* 32 B.R. 930 (Bankr.E.D.Pa.1983); *Provident Mutual Life Insurance Co. v. Winslow Center Associates (In Re Winslow Center Associates),* 32 B.R. 685 (Bankr.E.D.Pa.1983); *Clark Equipment Credit Corp. v. Kane (In Re Kane),* 27 B.R. 902 (Bankr.M.D.Pa. 1983).

■ The creditor asserts that it is entitled to relief from the stay for cause as a result of the debtor's disregard of the Code and Bankruptcy Rules and failure to reorganize his financial affairs. Specifically, the creditor avers that the debtor failed to file monthly operating statements[2] or a plan of reorganization, was uncertain concerning the details of his financial affairs, destroyed records pertaining to a business following its court-approved sale, and failed to pay taxes on certain of his properties or to repay his creditors. Debtor misconduct and bad faith may constitute sufficient cause under § 362(d)(1) to entitle a creditor to relief from the stay. *Associates*

---

**2.** The debtor filed cumulative operating state-    ments in October and May.

*Commercial Corporation v. G.Y. Trucking, Inc. (In Re G.Y. Trucking, Inc.),* 28 B.R. 59 (Bankr.M.D.Pa.1982); *Farmers & Merchants Bank & Trust v. Trail West, Inc.,* 28 B.R. 389 (Bankr.S.D.N.D.1983). Because we do not conclude that the debtor's conduct on the facts of this case justify lifting the stay, we will deny the creditor's motion.

■ In the absence of evidence that the creditor's interest in the debtor's real property is not adequately protected, we will also deny its alternative motion to condition the continuance of the stay on the debtor's provision of monthly payments to the creditor.

### ORDER

AND NOW, to wit, this 13th day of September, 1984, it is

· ORDERED that the motion of Alan Sinton, Ltd. to dismiss the complaint of Ralph Fazio be, and the same hereby is, GRANTED; and it is further

ORDERED that the objection of Ralph Fazio to the proof of claim filed by Alan Sinton, Ltd. be, and the same hereby is, OVERRULED, and said claim is allowed as a secured claim in the amount of $19,-323.30; and it is further

ORDERED that the motion of Alan Sinton, Ltd. for relief from the stay be, and the same hereby is, DENIED; and it is further

ORDERED that the alternative motion of Alan Sinton, Ltd. to condition the continuance of the stay on the provision of monthly payments be, and the same hereby is, DENIED.