**In the Matter of Elizabeth A. WALZ a/k/a Becky Walz f/k/a Elizabeth A. McCann, Debtor.**

**Bankruptcy No. MM11–83–02036.**

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 20, 1984.

Roger Schnitzler, Van Metre, Hanson, Clarke Schnitzler & Meyer, Madison, Wis., for debtor.

Mark A. Peterson, Prairie du Chien, Wis., for Prairie City Bank.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Elizabeth Walz ("Walz") filed for bankruptcy on January 7, 1983 under chapter 11. On August 1, 1984, Prairie City Bank ("the bank") was granted relief from stay allowing it to proceed in state court to replevin farm equipment and livestock covered by a security agreement between Walz and the bank. After obtaining a replevin judgment by default the bank scheduled a sale of the farm equipment and livestock. Walz then filed a motion for lien avoidance pursuant to 11 U.S.C. § 522(f)(2)(B) on some of the equipment and livestock replevined. She had not sought to exempt any of the equipment previously. The bank claims that the validity and existence of the lien was determined in the state court proceeding and that *res judicata* should apply. The bank correctly notes that this court's jurisdiction under section 1471, title 28 is original but not exclusive as to the issues raised in Walz's motion. For the reasons stated below I conclude that *res judicata* is applicable to the instant matter and therefore Walz is precluded from bringing her motion to avoid liens and claim exemptions.

Section 522(f) provides,

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor....

The bank obtained a default judgment against Walz in Crawford County Circuit Court. That court determined that the bank had an interest in the subject property and ordered, "[t]hat the Defendant deliver possession of the following collateral forthwith: all livestock, machinery, equipment, feed, supplies and accounts now owned or hereafter acquired by debtor." The state court thus determined the rights of the parties in the subject property.

A question of the application of the doctrine of *res judicata* was raised in *In Re Jermoo's, Inc.*, 38 B.R. 197 (Bankr.W.D. Wis.1984) *aff'd* on other grounds, Case No. 84–C–382–S (W.D.Wis. July 10, 1984) in which I explained,

Courts and litigants have struggled for centuries with the intricacies of the related doctrines of *res judicata* ... and collateral estoppel.... In a recent cogent summary statement, the Supreme Court of the United States distinguished the two doctrines as follows:

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action."

*Parklane Hosiery Company, Inc. v. Shore,* 439 U.S. 322, 327 n. 5, 99 S.Ct. 645, 649, n. 5, 58 L.Ed.2d 552 (1979)....

38 B.R. at 200. In *Jermoo's,* five months after the debtor's request to assume contracts was denied, the creditors' committee filed an adversary proceeding to avoid the termination of the two contracts as fraudulent transfers. I noted that the contention that the terminations were fraudulent transfers could have been stated and joined with the earlier motion to assume the contracts, "despite any apparent contradiction between the two causes of action," and stated, without deciding,

If the Committee and the debtor were either privies or had the same interest in the litigation, the issue is whether the Committee could have raised a fraudulent transfer issue in the prior action under the facts of this case.

"The present trend is undoubtedly in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."

1B Moore's Federal Practice ¶ 0.410[1].... Multiplication of adversary proceedings in bankruptcy is no more desirable than multiplication of civil actions generally, and the same policy favoring the finality of judicial decisions should apply in adversary proceedings as in any other civil action....

*Res judicata* precludes a second suit on the same cause of action which was earlier determined. The scope of a "cause of action" is generally bounded by the injury for which relief was claimed. (Cites omitted.) A key question in determining whether one "case" exists is whether the two actions share a "common nucleus of operative fact" (cites omitted).... The prior judgment bars not only the grounds actually pleaded, but also "every ground of recovery or defense which might have been presented." (Cites omitted.)

38 B.R. at 201.

Walz could have made clear her intention to exempt the farm equipment and livestock in either the relief from stay proceeding in this court or the replevin action in state court. There is no "apparent contradiction" between Walz's defenses. Nor is there any jurisdictional impediment to raising those defenses in the state court action. Certainly the desire to exempt the property and avoid the lien would have been a proper subject of a defense to the motion for relief from stay previously brought before this court. Thus, under the analysis suggested in *Jermoo's,* the doctrine of *res judicata* is applicable and Walz is barred from moving to exempt the replevined property.

Walz asks that significance be attached to the fact that in this case the replevin action ended in a default judgment. But that cannot change the result. Courts have consistently applied *res judicata* to default judgments. In *Kapp v. Naturelle, Inc.,* 611 F.2d 703 (8th Cir.1979) the court held that prebankruptcy default judgments holding the debtor personally liable for debts of his wholly owned corporation were *res judicata* and precluded a bankruptcy court's reconsideration of the question. In *Riehle v. Margolies,* 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929) the Supreme Court held, "[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* ... even if obtained upon a default." 279 U.S. at 225, 49 S.Ct. at 313. The Supreme Court explained in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), "[r]es judicata prevents litigation of all grounds

for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." 442 U.S. at 132, 99 S.Ct. at 2209. *See also In Re A–1 24 Hour Towing, Inc.,* 33 B.R. 281, 10 B.C.D. 1382 (Bankr.D.Nev.1983). In *Moreno v. Dineen,* Adversary Proceeding No. 81–0081 (Bankr.W.D.Wis. Sept. 4, 1981) I held that the debtors' default at a state foreclosure hearing operated as a bar to a later rehearing before the bankruptcy court under the principle of *res judicata.* It is clear that *res judicata* is applicable to the replevin judgment even though it was obtained by default, because Walz had the opportunity to raise her exemption and lien avoidance defense during that proceeding.

In *Federated Dept. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) the Supreme Court stressed the importance of *res judicata,* "[w]e have stressed that 'the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the court." 452 U.S. at 401, 101 S.Ct. at 2429. In light of the policy behind *res judicata* and the fact that Walz had two opportunities to assert her intention to exempt the secured property, *res judicata* is appropriate in this case.

Upon the foregoing which constitute my findings of fact and conclusions of law in this contested matter, it is hereby

ORDERED that the motion of the debtor to avoid the lien of the Prairie City Bank is hereby denied.