In re Allen J. BETINSKY and Eilene R. Betinsky, Debtors.

Allen J. BETINSKY, Eilene R. Betinsky, Plaintiffs,

v.

CONTINENTAL BANK, Defendant.

Bankruptcy No. 84–02302G.

Adv. No. 84–0866G.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 28, 1984.

Nathan Lavine, Gary M. Schildhorn, Gary D. Bressler, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for debtors/plaintiffs, Allen J. Betinsky and Eilene R. Betinsky.

Andrew D. Bershad, Michael G. Neri, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant, Continental Bank.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue before us is whether we should grant that aspect of a creditor's motion to dismiss one count of the debtors' complaint in which the debtors seek to open a state court judgment against them without having alleged that the judgment was a product of fraud, collusion, duress or a lack of jurisdiction. For the reasons stated herein we conclude that we may not open the judgment and we will grant that aspect of the creditor's motion to dismiss that count of the complaint.

The facts of this case are as follows:[1] The debtors filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on July 13, 1984. Somewhat less than three months prior to that (on April 20, 1984), one of the debtors' creditors, Continental Bank ("Continental"), confessed judgment in state court against the debtors in the amount of $108,-434.00. On the basis of this judgment the sheriff of Montgomery County, Pennsylvania, levied on certain personal property of the debtors and this property was sold to Continental at a sheriff's sale on May 24, 1984.

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed. 1982).

**246**

The debtors filed the instant complaint against Continental on August 17, 1984, to which an answer or responsive pleading was due by September 20, with a trial date scheduled for October 3. Continental filed a notice on September 17, to depose the debtor on September 24. Continental then filed a motion to dismiss the complaint on September 20. On that same day the debtors filed a motion for a protective order to bar the convening of the deposition. In view of the pendency of the motion to dismiss, we entered a protective order on September 24. Continental lodged with the court on September 26 a motion to compel the appearance of the debtors at a deposition. The debtors duly responded.

■ We commence our discussion by noting that in the first count of the complaint the debtors request that we open the state court judgment since the "judgment was improperly confessed in that one complaint was filed and one judgment confessed and entered concerning multiple documents and warrants of attorney...." As we stated in a recent opinion, a state court judgment may be opened in the Bankruptcy Court:

... on the grounds that the court rendering the judgment did not have jurisdiction over the parties or subject matter of the suit or that the judgment is a product of fraud, collusion or duress. *Heiser v.*

*Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Pepper v. Litton* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Kapp v. Naturelle, Inc.,* 611 F.2d 703 (8th Cir.1979); *In Re A–1 24 Hour Towing, Inc.,* 33 B.R. 281 (Bankr.D.Nev.1983); *In Re Pitts,* 31 B.R. 90 (Bankr.N.D.Ga.1983); *In Re Arker,* 6 B.R. 632 (Bankr.E.D.N.Y.1980).

*In Re Fazio,* 41 B.R. 865, 867 (Bankr.E.D. Pa.1984). Since the debtors have not alleged any of the requisite grounds for opening a state court judgment in Bankruptcy Court, the first count of the debtors' complaint must be dismissed.

In the second count of the complaint the debtors request that we set aside the sheriff's sale of their personal property on the allegation that Continental's judgment, which underlies the levy and sale, is defective. Relief on this count is necessarily predicated on the debtors' success under count one of the complaint and, due to the intended dismissal of count one, we will likewise order the dismissal[2] of the second count.

■ Under the third count of the complaint the debtors do not challenge the validity of the judgment, but contend that the sheriff's sale of their personal property should be set aside under 11 U.S.C. § 548(a)(2)[3] since it generated less than a

2. Continental has requested that the dismissal of each of the four counts of the complaint be with prejudice. Granting this request would ostensibly have the effect of barring the debtors from proceeding in state court to open the judgment. We see no justification for taking this course and thus our dismissal of the first and second counts of the complaint will be without prejudice.

3. (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—
(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.
11 U.S.C. § 548(a). This provision was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 462, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day "grace" period following the enactment of the

reasonably equivalent value for the property sold. Although Continental's motion to dismiss ostensibly includes this count, it has not advanced any theory or argument on which we may grant that relief. In light of the language of § 548(a), the facts of this case and the standard for review on a motion to dismiss, we cannot conclude that the debtors will be unable to prevail on this count, and consequently we will not dismiss this portion of the complaint.

■ In the last count of the complaint the debtor requests the avoidance of the sheriff's levy and the resultant sheriff's sale under 11 U.S.C. § 547(b)[4] since, *inter alia,* both events occurred within ninety days prior to the filing of the petition. As with the third count, Continental requests dismissal of this count but has advanced no legal authority or rationale in support of that relief. Again, it does not appear that the debtors will be unable to prevail on this count and thus we will not dismiss this aspect of the complaint.

Having resolved the motion to dismiss, it is clear that two counts of the complaint must be set for trial. We granted the protective order with the thought that the complaint might be dismissed *en toto,* which would obviate the need for any discovery. Since that possibility has not been met, Continental's need for discovery now outweighs the debtors' need for a protective order. Consequently, we will vacate our protective order of September 20 and grant Continental's motion to compel the attendance of the debtors at their deposition.

We will enter an order accordingly.

---

amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus, we have reproduced § 548(a) as it stood prior to the passage of the amendment.

4. (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. 547(b). This provision was also amended by the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984. See footnote 3. The amendments to § 547(b) are not effective as to this case and so we have reproduced this provision as it was extant prior to the passage of the amendments.