In the Matter of Francis D.
HOGAN, Debtor.

Michael STAZIO and Elizabeth
Stazio, Plaintiffs,

v.

Francis D. HOGAN, Defendant.

Adv. No. 83–0253–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Feb. 20, 1985.

David C. Moore, Brennan, Steil, Ryan, Basting & MacDougall, S.C., Janesville, Wis., for plaintiffs.

A. Michael Strizic, Beloit, Wis., for defendant.

## DECISION AND ORDER GRANTING MOTION IN LIMINE

ROBERT D. MARTIN, Bankruptcy Judge.

On August 29, 1983 a state circuit court judge heard testimony of the plaintiffs in an action against the debtor for wrongful eviction. The debtor was not present. The court entered judgment against the debtor for $22,454.34. This judgment included punitive damages of $10,000.00. The court found that the debtor had wantonly, willfully and with reckless disregard of the plaintiffs' rights wrongfully evicted plaintiffs. The court also found that the debtor's actions were intentional and malicious.

On October 3, 1983 debtor filed for bankruptcy under chapter 7. On October 11, 1983 the plaintiffs filed an adversary proceeding contesting the debt as nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The debtor's answer contested the amount and validity of the claim.

In a pretrial order of January 11, 1984 this court allowed the plaintiffs thirty days in which to file a motion in limine on what issues were to be before the court at trial, which motion would be heard without oral argument. A trial date was to be set after the motion was decided.

On February 9, 1984 counsel for the plaintiffs filed a motion moving the court for an order limiting the evidence admissible at trial to that which is relevant to the issue of whether the debt owed from the defendant to the plaintiffs is in the nature of a willful and malicious injury to the property of the plaintiffs, and forbidding the defendant from introducing evidence with respect to the amount of liability of the defendant to the plaintiffs and the validity of the plaintiffs' claim. They also filed a brief in support of their motion. The court allotted debtor twenty days within which to file a reply. The debtor has filed no reply to date. The sole issue to be decided on this motion is whether the doctrine of *res judicata* precludes the debtor in a dischargeability proceeding from raising issues as to the validity of the creditor's claim and its amount, where the claim is based on a state court judgment.

Plaintiffs acknowledge that *res judicata* does not apply to issues central to a determination of dischargeability. *In Re Trew-*

*yn*, 12 B.R. 543 (Bankr.W.D.Wis.1981), *In Re Brink*, 27 B.R. 377 (Bankr.W.D.Wis. 1983). Plaintiffs, however, argue that where a judgment based upon a liability falling within the scope of section 523(a)(6) reaches the bankruptcy court the issue is one of dischargeability and not one of liability. 3 *Collier on Bankruptcy* ¶ 523.16 (1983).

In *In Re Brink*, a creditor sought to have his claim excepted from discharge on the ground of fraud. The creditor moved for summary judgment on the basis of a default judgment entered for him in an Illinois trial court on claims of fraud. While this court held that neither *res judicata* nor collateral estoppel is applicable to dischargeability proceedings, 27 B.R. at 378, it is clear that the holding was addressed to whether the issue of fraud could be relitigated, not whether the state court's findings of the amount and validity of the claim were to be given *res judicata* effect.

In a similar case the Supreme Court held that *res judicata* did not preclude a creditor from introducing evidence of fraud extrinsic to the record in an earlier state court judgment for fraud against debtor and distinguished its decision from decisions applying *res judicata* to earlier state court judgments;

> Here, in contrast, petitioner readily concedes that the prior decree is binding. That is the cornerstone of his claim. He does not assert a new ground for recovery, nor does he attack the validity of the prior judgment. Rather, what he is attempting to meet here is the new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due to him.

*Brown v. Felsen*, 442 U.S. 127, 133, 99 S.Ct. 2205, 2210, 60 L.Ed.2d 767 (1979).

In *In Re A-1 24 Hour Towing, Inc.*, 33 B.R. 281, 10 B.C.D. 1382 (Bankr.D.Nev. 1983) a chapter 11 debtor objected to a claim based on a state court default judgment for money damages, asserting that the amount of damages awarded was grossly disproportionate to the creditor's actual injury. Although the debtor had failed to challenge the judgment in state court within the applicable deadline, the debtor argued that the bankruptcy court had equitable power to look behind the judgment and examine the propriety of the award. The court held notwithstanding *res judicata*, bankruptcy courts have equitable power to entertain collateral attacks on prior judgments *only* when a judgment is claimed to be the product of fraud, collusion, or duress, or when the prior court lacked jurisdiction, or when the judgment was founded on no real debt or on a legally unenforceable obligation. The court relied on *In Re Lucas*, 21 B.R. 794 (Bankr.W.D. Mich.1982). The court in that case explained,

> It is true, as pointed out by plaintiffs that this court has refused to be bound by state court judgments in dischargeability cases, however, dischargeability of debts is an entirely different matter. *This Court is bound by the determination of state courts as to findings of liability, damages and interest charges.* It is not bound on findings of fraud as bearing on the dischargeability of a debt in a bankruptcy proceeding because that issue was not before the State Court and the State Court would lack jurisdiction.

21 B.R. at 799 (emphasis added). *See also In Re Magnafici*, 16 B.R. 246 (Bankr.N.D. Ill.1981). ("A non-bankruptcy court may consider the issues of liability and damages, but it may not rule on the question of dischargeability." 16 B.R. at 252.)

In *In Re Walz*, 44 B.R. 973 (Bankr.W.D. Wis.1984), this court held that a default judgment obtained against the debtor in state circuit court had *res judicata* effect even though it was obtained by default, because the debtor had the opportunity to raise her defenses during that proceeding. The importance of *res judicata* was stressed, "[i]n light of the policy behind *res judicata* and the fact that Walz had two opportunities to assert her intention to exempt the secured property, *res judicata* is appropriate in this case." 44 B.R. at 976.

The present case is little different from *Walz*. The debtor failed to avail himself of

the opportunity to be heard in the first instance, and thereafter to appeal an adverse decision. Furthermore, the very reason that neither *res judicata* nor collateral estoppel control on questions of dischargeability suggests that those doctrines should apply to liability. The state court is, or at least may be, hearing quite a different legal issue when it makes a determination under any state fraud standard than is the bankruptcy court hearing a proceeding under 11 U.S.C. § 523. But the bankruptcy court would be applying the controlling state law in determining the extent of the debtor's liability on a claim. The plaintiffs' claim in this case has been determined by the state court applying state law. It follows that the question of liability and the amount of the plaintiffs' claim in this bankruptcy case is controlled by the state court's ruling.

For the reasons stated herein it is hereby

ORDERED that the plaintiffs' motion in limine is granted.