In the Matter of Francis Laverne TREWYN, Debtor.

Daniel LONG, Jr., Plaintiff,

v.

Francis Laverne TREWYN, Defendant.

Bankruptcy No. 81–0020.

United States Bankruptcy Court,
W. D. Wisconsin.

July 15, 1981.

---

6. *See In re Haag*, 3 B.R. 649, 6 B.C.D. 367 (Bkrtcy.D.Or.1980).

Mark A. Schulz, Wickhem, Consigny, Andrews & Hemming, S. C., Janesville, Wis., for plaintiff.

Joel B. Winnig, Madison, Wis., for defendant.

## OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

The Debtor, Francis Trewyn, d/b/a Frank's Service, entered into a contract with Daniel Long, Jr., to replace Long's home's flat roof with a hipped roof for $7,200 in February of 1979. Long made an initial payment of $5,200. Pursuant to that contract, Trewyn removed a portion of Long's roof. Trewyn never completed the roof replacement. Long commenced an action in Rock County Circuit Court and was awarded a default judgment which stated:

3. The Defendant, Frank Trewyn, made false representations to the Plaintiff with intent to deceive the Plaintiff and that the Defendant, Frank Trewyn, obtained money from the Plaintiff, Long, as a result of such misrepresentations; . . .

The court awarded Long $13,813.38 damages plus costs of $375.11. On November

12, 1980, Frank Trewyn filed a chapter 7 bankruptcy petition. Long commenced this action to determine whether Trewyn's debt to Long is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

■ *Res judicata* is inapplicable to dischargeability questions. Justice Blackmun, writing for a unanimous court stated:

> In sum, we reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt. *Brown v. Felson*, 442 U.S. 127, 138, 139, 99 S.Ct. 2205 [2212, 2213] 60 L.Ed.2d 767, 776 (1979).

> [N]o reason exists why the rationale of the *Brown* decision should not be utilized in dealing with cases under Section 523(a)(2), (4), and (6) of the 1978 Bankruptcy Reform Act. Under both the old and the new Acts, Congress has endowed the bankruptcy courts with exclusive jurisdiction to handle dischargeability questions arising from the factual situation set forth in the cited sections. *In Re Eskenazi*, 3 C.B.C.2d 20, 6 B.C.D. 1140, 6 B.R. 366, Bankr.L.Rep. (CCH) ¶ 67,663 ([Bkrtcy.] 9th Cir. 1980).

The state court judgment may not be given collateral estoppel effect either.

> [T]here is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17a(2), (4), and (8) of the Bankruptcy Act. *In re Houtman*, 568 F.2d 651 (9th Cir. 1978).

Section 17(a)(2) is the predecessor and substantial twin of § 523(a)(2), the Code section applicable here. Therefore, the *Houtman* rule still applies and this court is not bound by the Rock County Court's finding that Trewyn obtained money from Long as a result of Trewyn's false statement.

> What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability

of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8). *Houtman* at p. 654.

The same procedure is applicable under § 17(a)(2)'s successor, § 523(a)(2)(A).

■ Bankruptcy Rule 407 allocates the burden of proof stating, "at the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the facts essential to his objection." Although the rule places the burden of proof on the plaintiff, it does not state the standard of proof required. The standard of proof required under § 17(a)(2) was determined by Judge Mabey in *In Re Huff*, 1 C.B.C.2d 171, 1 B.R. 354, Bankr.L.Rep. (CCH) ¶ 67,269 (D.Utah 1979):

> Pursuant to this "fresh start" policy, it has been said that exceptions to discharge should be strictly construed in favor of the bankrupt.... This rule of construction and the purposes and policies behind the Bankruptcy Act must be taken in conjunction with the obvious purpose of § 17a(2), which is to prevent only the discharge of the *dishonest* debtor who possessed an "intent to deceive" his creditor.

> Where dishonesty, or fraud, is at issue, the courts have typically required a higher standard of proof. In view of the scienter requirement and an "intent to deceive" imposed in the § 17a(2) exception, the reasoning behind the traditional requirement of a higher standard of proof for fraud or dishonesty is equally applicable here....

> "[T]he purposes of the Act would seem to intend a greater burden on a creditor than a mere tipping of the scales in its favor." Thus, a finding that the burden of proof in a § 17a(2) case requires a creditor to prove his case by clear and convincing evidence would most effectively carry out the purposes of the Bankruptcy Act and the intent of the § 17 exceptions to discharge. *In Re Huff*, at 173.

Once again because the requirements of § 523(a)(2)(A) of the Code are essentially the same as § 17(a)(2) of the Act, the same standard of proof should apply. The "clear

and convincing" standard has been applied in two § 523(a)(2) cases, *In Re Netherland*, 3 C.B.C.2d 687, 8 B.R. 679, Bankr.L.Rep. (CCH) ¶ 67,905 (Bkrtcy.W.D.Va.1981) and *In Re Lyon*, 3 C.B.C.2d 644, 8 B.R. 152, Bankr.L.Rep. (CCH) ¶ 67,750 (Bkrtcy.D.Me. 1981).

Although a state court judgment based on fraud was sufficient in *Houtman* to establish a *prima facie* case, the *Houtman* court had the complete record of the state court action available. The only evidence of the state court action this court received was a copy of the judgment. The judgment, as drafted, lacked any detailed statement of its basis in facts. No pleadings or other record of the state court action were introduced which would provide any foundation for the judgment's conclusions. The effect of receiving the judgment in evidence was, therefore, extremely minimal. To prevail, Long still had to prove all the elements required by § 523(a)(2)(A) in order for the debt to be nondischargeable. Those elements have been identified as: (1) the debtor must have obtained the property by means of false representations which he knew were false or which were made with reckless disregard of their truthfulness; (2) the debtor must have an intent to deceive, which may be inferred from the knowing or reckless misrepresentation made to induce another to transfer property to the debtor; and (3) the creditor must actually and reasonably rely on the misrepresentation. See *In Re Ratajczak*, 5 B.R. 583, 586, Bankr.L.Rep. (CCH) ¶ 67,672 (Bkrtcy.M.D.Fla.1980); *Carini v. Matera*, 592 F.2d 378 (7th Cir. 1979). The elements were stated similarly in *In Re Houtman*, 568 F.2d 651, 655 with the addition, "that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made."

Long's case is based on false statements made by Trewyn while negotiating the roofing contract. Trewyn allegedly misrepresented the size of his crew, his insurance coverage and his financial position. At the time of contracting in February, Trewyn received an initial payment of $5,200 from Long. Both parties understood that payment to bind the contract and finance the purchase of materials. Thereafter, Trewyn purchased materials and commenced work by removing a portion of Long's roof. Although there were delays, the greater weight of the evidence indicates that Trewyn intended, at least at the time he received the only payment made by Long, to undertake the work for which the payment was made. There was no convincing evidence that Trewyn intended to deceive Long regarding his willingness and ability to perform the contract. Trewyn's intent at the time he received the $5,200 down payment is crucial. Absent clear and convincing evidence that Trewyn did not intend to complete Long's roofing job as contracted, Long cannot prevail on his claim of non-dischargeability.

The plaintiff has a heavy burden when objecting to the discharge of a debt under § 523(a)(2)(A). In this case that burden has not been met, therefore, the debt is dischargeable.