In the Matter of Curtis V. BRINK a/k/a Curtis Vaughn Brink f/d/b/a Brinkwood Builders, Debtor.

David ZEUNERT, d/b/a David Zeunert & Associates, Plaintiff,

v.

Curtis V. BRINK, Defendant.

Adv. No. 82–0133.

United States Bankruptcy Court, W.D. Wisconsin.

Feb. 4, 1983.

Jonathan D. Jackson, Jr., Madison, Wis., for plaintiff.

Michael P. Erhard, Foley & Lardner, Madison, Wis., for defendant.

## DECISION DENYING SUMMARY JUDGMENT

ROBERT D. MARTIN, Bankruptcy Judge.

Plaintiff has moved for summary judgment in the action under 11 U.S.C. § 523(a)(2) on the basis of a default judgment entered in an Illinois trial court on claims of fraud. No evidence of the alleged fraud was produced in that Illinois action and none has been made a part of the record on which this motion is to be decided.

This court has previously held that neither res judicata nor collateral estoppel is applicable to dischargeability questions, stating in *In Re Trewyn,* 12 B.R. 543, 545 (Bkrtcy.W.D.Wis.1981):

> What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8). (Citing *In Re Houtman,* 568 F.2d 651, 654 (9th Cir.1978).) The same procedure is applicable under § 17(a)(2)'s successor, § 523(a)(2)(A).

The party objecting to dischargeability has the burden of proving the facts essential to his objection with clear and convincing evidence. *In Re DeRosa,* 20 B.R. 307, 310–311 (Bkrtcy.S.D.N.Y.1982); *In Re Keppel,* 14 B.R. 479, 481 (Bkrtcy.E.D.Pa.1981); *Trewyn, supra* 12 B.R. at 546. The evidence submitted must prove all elements required for nondischargeability under § 523(a)(2)(A), including: 1. The debtor must have obtained the property by means of false representations which he knew were false or which were made with reck-

less disregard of their truthfulness; 2. The debtor must have an intent to deceive, which may be inferred from the knowing or reckless misrepresentation made to induce another to transfer property to the debtor; and 3. The creditor must actually and reasonably rely on the misrepresentation. *Carini v. Matera*, 592 F.2d 378 (7th Cir.1979).

In *Houtman*, after examining the complete record and evaluating the facts in light of the elements listed above, the court found that the state court judgment based on fraud established a prima facie case to deny discharge. Whether prior proceedings are sufficient to establish the fraud required by § 523(a)(2)(A) is entirely dependent on the contents of the individual record. In *Trewyn*, for example, submission of a copy of the judgment alone was insufficient to bar discharge because the judgment provided only minimal evidence without revealing the factual basis for the circuit court's conclusions. Although plaintiff has apparently submitted the complete record of the Illinois case, its contents include only pleadings, judgment, and judgment following prove up. This record is too sparse to establish the required elements. The Illinois court documents establish no basis for the judgment other than defendant's default and provide no findings of fact to evaluate the elements of fraud required to bar discharge.

Plaintiff alleges that the award of attorney's fees under the fraud count of its state court complaint is sufficient to establish that the judgment was based on fraud. For this contention to be sustained, plaintiff must prove that the standard for establishing fraud to obtain attorney's fees was determined by a standard equivalent to the elements required to bar a discharge in bankruptcy. *Brown v. Felsen*, 442 U.S. 127, 139, n. 10, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979). Where the standard of proof in the prior proceeding differs from that required in bankruptcy, the bankruptcy court may not give collateral estoppel effect to the earlier judgment. *In Re Iannelli*, 12 B.R. 561, 564 (Bkrtcy.S.D.N.Y.1981). Plaintiff introduced no evidence to prove similarity of standards. The complaint by itself is insufficient to show the standard actually used by the Illinois judge. On a motion for summary judgment, the allegations of a complaint cannot be used or accepted as proof of the facts therein alleged. 73 Am. Jur.2d *Summary Judgment* § 16 (1974).

Finally, for collateral estoppel to be effective the issue to be precluded must have been actually litigated in the prior proceeding. *In Re Supple*, 14 B.R. 898, 903 (Bkrtcy.D.Conn.1981). Both *Houtman* and *Trewyn* involved judgments rendered after a trial on the issues. Where the prior judgment was procured by default, the relevant issue has not been actually litigated. *In Re Iannelli, supra.* Zeunert's argument that the prove up of damages constituted sufficient litigation is without merit. Documenting monetary damages in a default proceeding does not constitute litigation on the factual issue of fraud.

Absent the res judicata or collateral estoppel sought by the plaintiff, each of the elements of his claim not admitted by defendant's answer must be proved. Material facts remaining to be proved, summary judgment is hereby denied.