In re Keith A. NOLLER, Debtor.

Viola COOPER, Plaintiff,

v.

Keith A. NOLLER, Defendant.

Bankruptcy No. 85–00128.
Adv. No. 85–0180.

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 15, 1985.

---

Ronald Bornstein, Milwaukee, Wis., for defendant/debtor.

Neal C. Schellinger, Brookfield, Wis., for plaintiff.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

JAMES E. SHAPIRO, Bankruptcy Judge.

Before this court is a motion filed by the defendant for summary judgment pursuant to Bankruptcy Rule 7056. The defendant, who filed a voluntary petition in bankruptcy under Chapter 7 on January 16, 1985, maintains that his actions were not willful within the meaning and import of § 523(a)(6)[1] and that the complaint seeking a determination that the debt due and owing by him to the plaintiff is nondischargeable be dismissed. For reasons stated herein, the court denies the motion for summary judgment.

On June 4, 1983 at approximately 6:30 p.m., the defendant was driving a 1967 Chevrolet Corvette automobile and was proceeding north on County Trunk Highway K, approximately .4 of a mile north of County Trunk Highway E in the township of Hartford, Wisconsin. His wife, Lisa Noller, was traveling with him at that time. The defendant's vehicle, while proceeding at a rate of speed of 90 to 95 miles per hour passed another northbound vehicle in a "no passing" zone. After completing the pass, defendant's car returned to the northbound lane but the right tires of his auto-

---

1. § 523 *Exceptions to Discharge*:
    "(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...

    (6) For willful and malicious injury by the debtor to another entity or to the property of another entity ..."

mobile went onto the east shoulder of the northbound lane. This caused defendant to lose control of his car which then veered into the southbound lane of County Trunk Highway K and collided with a southbound automobile being operated by Victor Juneau. Also in the southbound vehicle were Orville Cooper, who was the husband of the plaintiff, and Eugene Becker. As a result of this collision, Mr. Cooper, Mr. Juneau, Mr. Becker and Mrs. Noller were all killed.

This court has consistently adhered to the view that under § 523(a)(6), in order for a debt to be nondischargeable, there must be an intent to injure. *In re Kuepper*, 36 B.R. 680 (Bankr.E.D.Wis.1983); *In re Hoppa*, 31 B.R. 753 (Bankr.E.D.Wis.1983); and *In re Grace*, 22 B.R. 653 (Bankr.E.D.Wis. 1982). Neither the subsequent enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 nor subsequent case law have caused this court to alter this view.

■ It is recognized that a split of authority as to the appropriate test to be applied in arriving at the meaning of "willful and malicious" for purposes of § 523(a)(6) exists. Some other courts require only a finding of an intentional act by the debtor which in turn has caused the injury in order to make the obligation nondischargeable. *In re DeRosa*, 20 B.R. 307 (Bankr.S.D.N.Y.1982); *In re Fussell*, 15 B.R. 1016 (Bankr.W.D.Va.1981); and *In re McGiboney*, 8 B.R. 987 (Bankr.N.D.Ala. 1981). In deciding to reject this view in favor of the "intent to injure" standard, this court has considered the Congressional intent as evidenced by the following and frequently quoted legislative history to § 523(a)(6):

> "Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902) held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. No. 595, 95th Cong.Seal Ng., 1st Sess.

362–65 (1977) reprinted in 1978 U.S.Code Cong.Seal Ng. and A.D.News 5963, 6320–21, the S.Rep. No. 989, 95th Cong. Seal Ng., 2d Sess. 79 (1978) reprinted in 1978 U.S.Code Cong.Seal Ng. and A.D. News 5787, 5868.

This legislative history makes clear that the "reckless disregard" standard no longer applies and that proof of "deliberate or intentional" injury must be established in order to except the debt from discharge. *In re Compos*, 768 F.2d 1155 (10th Cir. 1985). The word "willful" as used in § 523(a)(6) modifies the word "injury" which follows it in the statute.

■ Applying the "intent to injure" standard to the conduct of a defendant who was driving at a speed of 90 to 95 miles per hour and passing in a "no passing" zone, while undoubtedly constituting "reckless disregard," does not, in and of itself, constitute willfulness.

The plaintiff has cited *In re Adams*, 761 F.2d 1422 (9th Cir.1985), as support for its argument that the foregoing conduct is sufficient to make the debt nondischargeable. *Adams* holds that driving while intoxicated—with or without knowledge of the probable consequences—is "willful and malicious" conduct within the meaning of § 523(a)(6). It reaches this result by referring to the Bankruptcy Amendments and Federal Judgeship Act of 1984 and, in particular, to the newly created § 523(a)(9) provision making debts arising from liability due to drunken driving nondischargeable. It then reasons that § 523(a)(9) was only intended to clarify the pre-existing § 523(a)(6) as meaning that debts by persons driving while intoxicated were willfully and maliciously incurred and also that this interpretation be retroactively applied. The plaintiff seeks to extend this reasoning to the case at bar as also meaning that debts by persons driving at excessive rates of speed are also willfully and maliciously incurred.

■ The plaintiff's argument must be rejected for several reasons. *Adams* is limited to conduct arising from drunken driving because of a specific Congressional

amendment. Congress has not enacted any legislation holding that debts arising from liability due to driving at an excessive rate of speed are similarly nondischargeable. Furthermore, this court does not agree with the Ninth Circuit's interpretation in *Adams* that § 523(a)(9) is merely a clarification of § 523(a)(6) and should be applied retroactively. § 523(a)(9) is a new statute created solely for the purpose of declaring drunk driving debts nondischargeable. If § 523(a)(6) had been intended to be clarified, it is more likely that there would have been changes made within that particular provision itself. The better reasoned view is that of the Tenth Circuit in *Compos*[2] and concurred in by this court's colleague, Judge Dale E. Ihlenfeldt in *In re Gonzales*, 52 B.R. 711 (Bankr. E.D.Wis.1985) that "intent to injure" is a requirement under § 523(a)(6) and that drunk driving is not per se willful and malicious. By the same token, driving at an excessive rate of speed is also not per se "willful and malicious."

Reaching the conclusion that the proper standard to be applied is "intent to injure," for purposes of § 523(a)(6), does not, however, entitle the defendant to be granted its motion for summary judgment. This court stated in *In re Kuepper, supra,* that a court must take into consideration the unique facts of the particular case before it, and no two cases present identical facts. Summary judgment is only appropriate where it is clear on the record that there is no genuine issue as to any material fact after an examination of the record before it. Case law has established that a party seeking summary judgment has the burden of demonstrating the absence of such genuine issues of fact. *In re LaCasse*, 28 B.R. 214 (D.Minn.1983); 6 *Moore's Federal Practice* § 56.15(2) at 56–463 (2d Ed.1976). In the instant case, there is no stipulation of facts submitted by the parties. There may well exist facts which, together with the conduct of the debtor in driving at a speed of 90 to 95 miles per hour and passing in a "no passing" zone, could persuade this court to find intent to injure. A self-serving statement on the part of the defendant in his affidavit that he "did not deliberately drive his vehicle into oncoming traffic" and that he "did not intend to injure anyone by his driving" is insufficient. The plaintiff must be afforded an opportunity to cross-examine the defendant, and the court must also be provided with an opportunity to observe the defendant's courtroom demeanor so as to enable it to independently arrive at a conclusion as to his state of mind at the time of collision.

 Therefore, even by adopting the "intent to injure" standard, a factual issue remains which can only be resolved at the trial stage and not by a motion for summary judgment.

---

**2.** In a footnote appearing in *Compos,* the court referred to *Adams* and stated: "We have carefully reviewed the opinion, but do not agree with its interpretation of § 523(a)(6) or its retroactive application of § 523(a)(9)."