**In re Charles Conrad ROEMER, Debtor.**

**Donna MUGGE, Plaintiff,**

**v.**

**Charles Conrad ROEMER, Defendant.**

**Bankruptcy No. BK 86–50439.
Adv. No. 86–0352.**

United States Bankruptcy Court,
S.D. Illinois.

July 24, 1987.

David W. Dugan, Alton, Ill., for plaintiff.

David A. Virgin, Bethalto, Ill., for debtor/defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on plaintiff's objection to dischargeability. Plaintiff previously filed suit against defendant in state court for injuries she sustained after being struck by defendant while he was riding his motorcycle.

On April 1, 1985 the state court entered judgment in favor of plaintiff, and awarded her compensatory damages in the amount of $1,200,000.00. The judgment provided, in part, as follows:

> The Court hereby specifically finds that the defendant, CHARLES C. ROEMER, willfully and maliciously drove his motorcycle at an extremely high and excessive rate of speed into the Plaintiff, DONNA L. MUEGGE, thereby hurling Plaintiff through the air and onto the pavement and caused her to be greatly and permanently injured ...

Plaintiff contends that this debt is nondischargeable under Section 523(a)(6) of the Bankruptcy Code. That section provides as follows: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." Plaintiff further contends that because the state court has already determined that the defendant acted willfully and maliciously, the doctrine of res judicata precludes defendant from attempting to prove otherwise.

In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Court held that res judicata does not apply

128

in determining whether or not a particular debt is dischargeable. *Id.* at 138–39, 99 S.Ct. at 2212–13. The Court also noted, however, that the narrower doctrine of collateral estoppel would apply if a state court, "in the course of adjudicating a state-law question ... should determine factual issues using standards identical to those of [the Bankruptcy Code] ..." *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10. Since *Brown* was decided, some courts have held that the issue of dischargeability is within the exclusive jurisdiction of the bankruptcy court, and that neither res judicata nor collateral estoppel are applicable in determining whether a particular debt is dischargeable. *See, e.g., Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980); *In re Brink*, 27 B.R. 377 (Bankr.W.D.Wis. 1983). Other courts have held that collateral estoppel applies if the following criteria are met:

1. The issue sought to be precluded must be be same issue as that involved in the prior action;
2. The issue must have been actually litigated;
3. The issue must have been determined by a valid and final judgment; and
4. The determination of the issue must have been essential to the final judgment.

*In re Louis*, 49 B.R. 135, 137 (Bankr.E.D. Wis.1985). *See also In re Anderson*, 49 B.R. 655 (Bankr.W.D.Wis.1984). This Court finds that under *Brown*, while the issue of dischargeability is ultimately determined by the bankruptcy court, collateral estoppel would indeed prevent relitigation of those issues previously decided in state court if 1) the state court, in determining those issues, used standards identical to those in the Bankruptcy Code; and 2) the criteria necessary for collateral estoppel to apply were satisfied.

The first question that must be addressed in the present case is whether the same standards apply under Illinois tort law and under section 523(a)(6) of the Bankruptcy Code in determining whether conduct is "willful and malicious." The comments following section 523(a)(6) specif-

ically state that "[u]nder this paragraph, 'willful' means deliberate or intentional." This Court has previously defined willful and malicious conduct as the deliberate or intentional act of a debtor with knowledge that the act will harm another. *Champion Home Builders v. Darrell Johnson*, Adv. No. 86–0347 (April 27, 1987). Similarly, other case decisions discussing this issue "explicity reject that reckless disregard of the rights of another, without more, can suffice as proof of willfulness and malice." *Matter of Frazee*, 60 B.R. 109, 112 (Bankr. W.D.Mo.1986). "The legislative history makes clear that the 'reckless disregard' standard no longer applies and that proof of 'deliberate or intentional' injury mest be established in order to except the debt from discharge." *In re Noller*, 56 B.R. 36, 38 (Bankr.E.D.Wis.1985). *See also In re Louis*, 49 B.R. at 137; *United Bank of Southgate v. Nelson*, 35 B.R. 766, 776 (Bankr.N.D.Ill.1983). Some cases have expressly held that driving at an excessive rate of speed is not per se "willful and malicious" within the meaning of section 523(a)(6). *See, e.g., Matter of Frazee*, 60 B.R. at 112; *In re Noller*, 56 B.R. at 39.

The definition of willful and malicious conduct under Illinois law is not as clear. However, the pattern jury instruction defining "willful and wanton" conduct provides some guidance. Jury instruction 14.01 states as follows:

When I use the expression "willful and wanton conduct" I mean a course of action which [shows actual or deliberate intention to harm or which, if not intentional,] shows an utter indifference to or conscious disregard for ]a perso's own safety] [and] [the safety of others].

The comments following this instruction indicate that the first bracketed phrase should be omitted unless the evidence tends to show a deliberate intention to harm, and that actual ill will need not be shown.

It appears that willful and malicious conduct is more broadly defined under Illinois law, and that it includes conduct which is not necessarily deliberate or intentional. Therefore, under *Brown*, collateral estoppel would not apply since the standard for

determining whether conduct is willful and malicious under Illinois law is not the same as the standard under section 523(a)(6) of the Bankruptcy Code.

Even assuming *arguendo* that the standards are the same, the Court still does not believe that collateral estoppel would apply in this particular case. Although the sate court judgment itself states that the defendant acted willfully and maliciously, and although the judge states on the record that defendant's acts were willful and malicious, the judge also found that "the defendant in total disregard for the safety of the minor plaintiff Donna Mugge ... was in fact driving his motorcycle at an extremely high rate of speed ..." (Report of Proceedings, p. 46). Thus, it is not completely clear whether the judge found that the defendant acted "deliberately and intentionally" (as required under the Bankruptcy Code), or whether the defendant acted in "reckless disregard." Furthermore, the judge refused to award punitive damages. This refusal appears to be inconsistent with the court's finding that the defendant acted willfully and maliciously, and makes it even less clear whether the judge actually found that the defendant acted intentionally and deliberately. In light of these ambiguities, the Court cannot conclude that the issue in this case (whether defendant acted deliberately and intentionally), was the same as that involved in the prior action, nor can the Court conclude that this issue was actually litigated. The doctrine of collateral estoppel, therefore, does not apply. Further proceedings are necessary in order for this Court to determine whether defendant acted willfully and maliciously within the meaning of section 523(a)(6), and ultimately, whether defendant's debt to plaintiff is nondischargeable.

Accordingly, the ruling on the issue of dischargeability is reserved until further hearing.