In re Edward Joseph PAHULE, Debtor.

Gordon SICKEL, Administrator and Administrator ad Prosequendum of the Estate of Kristen Sickel, Plaintiff,

v.

Edward Joseph PAHULE, Defendant.

No. 86–C–1097.

United States District Court,
E.D. Wisconsin.

Sept. 25, 1987.

Charles P. Reiter, Milwaukee, Wis., for debtor.

Margaret Dee McGarity, Chernov, Croen & Stern, Milwaukee, Wis., for appellee.

## DECISION AND ORDER

WARREN, Chief Judge.

This case presents an appeal by Edward Pahule of a Bankruptcy Court Order by Chief Judge C.N. Clevert, holding that a debt incurred by appellant as a result of a July 13, 1985, judgment entered in Superior Court of New Jersey was not dischargeable pursuant to 11 U.S.C. § 523(a)(9). The appeal is opposed by Gordon Sickel, Adminis-

trator and Administrator ad Prosequendum of the Estate of Kristen Sickel. For the reasons set forth below, the Court affirms.

## I. Background

The facts of this case were stipulated by the parties in the proceedings below and are as follows. (Appellant Pahule is referred to as defendant; appellee Sickel as plaintiff.)

1. On June 19, 1982, the defendant was the owner and operator of a 1980 Pontiac Sunbird which was involved in an accident in Monmouth County, New Jersey.

2. Plaintiff's decedent, Kristen Sickel, an unemancipated minor, age 13, was also involved in the same accident and died as a result thereof, which death was instantaneous.

3. As a result of the same accident, the defendant pled guilty to a municipal complaint for driving under the influence of alcohol, contrary to NSJ 39:4–50.

4. A judgment of conviction and order for commitment was rendered against the defendant by the Superior Court of New Jersey, Criminal Division, pursuant to said guilty plea, a copy of which is attached to plaintiff's complaint.

5. As a result of the same accident, plaintiff commenced an action in the Superior Court of New Jersey, Civil Division, against the defendant, and judgment was entered on July 13, 1984, against the defendant and in favor of the plaintiff in the amount of $69,705.71.

6. Pursuant to said civil judgment, defendant's insurance carrier paid plaintiff $44,553.81, leaving a balance of $25,151.90 as of April 24, 1984. Said judgment continues to accrue interest at the rate of 12% per year after April 24, 1984, pursuant to New Jersey law.

7. Both the criminal judgment and the civil judgment pertain to the same accident.

Appellant Pahule filed a petition in bankruptcy in this district in November of 1984. A complaint was filed by appellee Sickel in March of 1985. On September 24, 1986, Chief Judge Clevert orally entered his findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. Neither party provided this Court with a transcript of that proceeding. On September 30, 1986, Judge Clevert entered an "Order for Judgment" in favor of "plaintiff" Sickel "in the amount of $25,151.90 as of April 24, 1984, as a result of a July 13, 1985, judgment entered in Superior Court of New Jersey...."

## II. Discussion

The sole issue for review presented by the parties is whether the Bankruptcy Court erred in holding that the balance owed by appellant under the New Jersey judgment was not dischargeable pursuant to 11 U.S.C. § 523(a)(9). That section denies discharge:

> to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

This subsection of § 523(a) of the Bankruptcy Code was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub.L. No. 98–353). *In re Richards,* 59 B.R. 541, 543 (Bkrtcy.N.D.N.Y.1986). "The obvious Congressional intent behind this 'drunk driver' exception to discharge was to remedy the problem raised by cases wherein proof of drunk driving was held not to be proof of the willful and malicious intent necessary for an objection under § 523(a)(6)." *Id. See also In re Adams,* 761 F.2d 1422, 1426–27 (9th Cir.1985). In construing the provisions of § 523(a)(9), bankruptcy courts have given broad application to its provisions in order to effectuate the clear intent of not allowing discharge of debts that arise out of the intoxicated use of a motor vehicle. *See In re Richards,* 59 B.R. at 543 (§ 523(a)(9) allows judgments or consent decrees to be entered post-petition, so long as they are grounded in pre-petition claims); *Dougherty v. Brackett,* 51 B.R. 987, 988–89 (Bkrtcy.D. Colo.1985) (various degrees of intoxication

as defined by state laws are all legal intoxication within the meaning of § 523(a)(9)); *see also In re Cunningham,* 48 B.R. 641; 12 C.B.C.2d 809, 812 (Bkrtcy.W.D.Tenn. 1985) (intent of § 523(a)(9) was to ensure that victims of drunk drivers do not have judgments against drunk drivers discharged in bankruptcy; guilty plea in state court was evidence that debtor incurred liability as a result of operating motor vehicle while legally drunk).

The dispute in this case involves whether it was proper for the Bankruptcy Court to determine that the debt incurred by appellant as a result of the New Jersey judgment was the result of appellant's intoxicated operation of a motor vehicle. Appellant contends that since the New Jersey judgment made no reference to any intoxicated operation of a motor vehicle, that fact cannot be inferred into the judgment without violating the principles of res judicata and collateral estoppel. The Court finds this argument misplaced.

First, the New Jersey judgment cannot be read in a vacuum. The words of the three-page Amended Order for Judgment,[1] entering a decision in favor of the plaintiffs, simply refer to "the accident." Judgment at 2. No facts or law are given. Obviously the suit refers to some cause of action. That cause of action, as appellant concedes in his Brief at page 5, was based on a complaint that alleged the issue of intoxicated use of a motor vehicle. If the bare Amended Order for Judgment were all a Court could consider in judging the issues of res judicata and collateral estoppel, then nothing would prevent plaintiffs in that suit from relitigating a suit on the basis of appellant's alleged intoxicated use of a motor vehicle. Furthermore, the provisions of § 523(a)(9) do not require a precise legal determination by a state court that the liability was incurred as a result of the intoxicated use of a motor vehicle. The section requires merely that a *bankruptcy court,* in determining discharge, find that "a judgment or consent" cause a debtor liability "as a result" of the debtor's intoxi-

cated use of a motor vehicle. The Court finds that as a matter of law, a bankruptcy court can make this determination based on a generic civil judgment with a specific underlying claim for liability arising from the intoxicated use of a motor vehicle.

Second, the plain words of § 523(a)(9) dictate the need for a bankruptcy court to examine more than the face of a civil judgment. The section requires the non-dischargeable liability to arise from "legally" intoxicated use of a motor vehicle. That legal determination is solely within the jurisdiction of a state criminal court. Had a New Jersey state court found that appellant in this case was not legally intoxicated at the time of the accident and a bankruptcy court reversed that finding with an independent determination under § 523(a)(9), then appellant's res judicata and collateral estoppel arguments would be germane. But in fact a New Jersey state court made an opposite ruling. It accepted appellant's guilty plea to a charge of driving under the influence of alcohol at the time of the accident contrary to New Jersey law. Furthermore, by a stipulation of the parties, both the criminal judgment and the civil judgment pertain to the same accident. Based on these facts, the Court would be shocked if the Bankruptcy Court had not found that appellant's liability were the "result of" his operation of a motor vehicle while legally intoxicated.

Finally, the Court finds that based on the public policy behind § 523(a)(9), the principles of res judicata and collateral estoppel do not bar a Bankruptcy Court from making an independent inquiry into the underlying facts of a debtor's liability resulting from a judgment that refers merely to "the accident." In a case such as this, where the underlying facts are uncontroverted that appellant is liable to appellee because of appellant's intoxicated use of motor vehicle, it would be contrary to the clear intent of Congress to allow appellant to discharge his debt simply because a generic judgment made no reference to the intoxi-

---

1. The parties' stipulation of facts states that judgment was entered in the New Jersey civil case on July 13, 1984. However, the Amended Order for Judgment, referred to by the Court and attached to appellee's complaint as Exhibit B, is dated July 17, 1984.

-cated use of a motor vehicle. This is not a case where an express finding to the contrary has been made.

Appellant attempts to make much of the argument that since appellee accepted the benefits of the New Jersey judgment, appellee must now accept its burdens. Such an argument is unpersuasive in light of the fact that it is appellant, not appellee, who is attempting to discharge his liability under the provisions of the Bankruptcy Code.

### III. Summary

Appellant is not entitled to discharge his $25,151.90 liability to appellee under the provisions of 11 U.S.C. § 523(a)(9). Accordingly, the Bankruptcy Court order is hereby AFFIRMED.