**In re Patrick A. KEATING, Debtor.**

**GENERAL CASUALTY COMPANY OF WISCONSIN, a domestic insurance corporation, Plaintiff,**

v.

**Patrick A. KEATING, Defendant.**

**Bankruptcy No. 86–00964.**
**Adv. No. 86–0438.**

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 2, 1987.

Jeffrey Leavell of Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Ltd., Racine, Wis., for plaintiff.

William O. Evenson of Landa Law Offices, Kenosha, Wis., for defendant.

1. § 523. **Exceptions to discharge.**
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
      \*      \*      \*      \*      \*      \*
   (9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws of regulations of any jurisdiction within the United States or its territories

### DECISION

MARGARET DEE McGARITY, Bankruptcy Judge.

This case is an adversary proceeding commenced by plaintiff under 11 U.S.C. § 523(a)(9)[1] to determine that the obligation owed by defendant to plaintiff is nondischargeable. The defendant had previously moved for dismissal of the case as untimely under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007, which motion was denied. Plaintiff now moves the Court for summary judgment under Bankruptcy Rule 7056, which incorporates by reference Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motion is granted.

### FACTS

On June 30, 1984, defendant and plaintiff's insured, Jerry R. Asmus, were involved in an automobile accident in Kenosha, Wisconsin, in which defendant was at fault for having crossed the center line into plaintiff's traffic lane. Approximately three hours after the accident, defendant's blood alcohol concentration was tested at Kenosha Memorial Hospital and found to be .15%. Defendant has also stipulated in this action that at the time of the accident, his blood alcohol content was .15% (*see* stipulation dated December 4, 1986). Defendant pled no contest to criminal charges issued in connection with this accident and, as a result, was convicted of operating a motor vehicle while having a blood alcohol concentration of 0.1% or more by weight and of causing personal injury while having such blood alcohol concentration, contrary to Wis.Stat. §§ 346.63(1)(b) and (2)(a)2.[2] (Kenosha County Case No. 85–CM–6).

wherein such motor vehicle was operated and within which such liability was incurred;
   \*      \*      \*      \*      \*      \*

2. **Operating under influence of intoxicant or other drug**
   (1) No person may drive or operate a motor vehicle while:
      \*      \*      \*      \*      \*      \*
   (b) The person has a blood alcohol concentration of 0.1% or more by weigh of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.
      \*      \*      \*      \*      \*      \*

As a result of the accident, plaintiff insurance company paid Jerry R. Asmus damages of $5,000, and plaintiff was subrogated to this extent by assignment of its insured's cause of action. Plaintiff filed suit against defendant in Kenosha County Circuit Court, Case No. 85–CV–1676, and obtained judgment by default on January 13, 1986, in the amount of $4,727. No amount of this judgment has been paid, although defendant had paid $400 prior to the commencement of the state court civil action.

In his answer to this adversary proceeding, defendant denied that he was legally intoxicated at the time of the accident, although this assertion has been withdrawn by stipulation and by admission in his brief (*see* Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 3). He continues to deny that such intoxication was a factor in contributing to the damage suffered by plaintiff's insured in the accident.

Defendant filed his voluntary Chapter 7 petition in bankruptcy on March 12, 1986, seeking discharge of this obligation.

## DECISION

Bankruptcy Rule 7056(c), which incorporates Rule 56 of the Federal Rules of Civil Procedure, states that upon motion for summary judgment, judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment in favor of a plaintiff is an extreme remedy and should only be granted if the facts pleaded or admitted by defendant are considered in a light most favorable to the defendant and if the plaintiff is nevertheless entitled to judgment as a matter of law. *Brock v. American Postal Workers Union*, 815 F.2d 466, 469 (7th Cir.1987). Furthermore, exceptions to discharge must be construed in favor of debtor's discharge and against creditors attempting to have the discharge denied. *In re Kirst*, 37 B.R. 275 (Bkrtcy.E.D.Wis. 1983).

The relevant facts in this case, included in defendant's stipulation and in his recital of the facts in his brief, are as follows:

1. Defendant was driving the vehicle which struck plaintiff's insured on June 30, 1984.

2. Defendant was operating the vehicle at the time of the same accident while legally intoxicated under Wisconsin law. Defendant's blood alcohol content was .15%, which is *per se* legal intoxication. Wis.Stat. §§ 346.63(1)(b) and 346.63(2)(a)2.

3. The accident occurred in the State of Wisconsin.

4. Liability on the part of defendant to plaintiff as a result of the same accident was established, and damages were determined by default judgment in Kenosha County Circuit Court, which is a court of record.

■ Defendant's argument is that these facts alone are insufficient to sustain a finding of nondischargeability under 11 U.S.C. § 523(a)(9). He states that in addition there must be a finding that the defendant's intoxication, which is admitted in his brief and sustained by his conviction under Wisconsin law, caused or was a factor in causing the accident. This interpretation is based on the statute's wording that "liability was incurred by such debtor *as a result of* the debtor's operation of a motor vehicle while legally intoxicated." (emphasis added). In support of this argument, defendant points out that the civil judgment on its face does not make a causal connection between the intoxication and the damage. Defendant would therefore put plaintiff to its proof on that issue, thereby creating a factual dispute for trial. If the causal connection is a material fact,

---

(2) (a) It is unlawful for any person to cause injury to another person by the operation of a vehicle while:

\*　\*　\*　\*　\*　\*

2. The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

it is disputed, and plaintiff's motion for summary judgment must be denied.

First, defendant's interpretation of the language of 11 U.S.C. § 523(a)(9) is grammatically incorrect. He argues that it should be construed to provide that the liability must arise as a result of intoxication; however, the statute states that the cause of the defendant's liability is "as a result of the debtor's operation of a motor vehicle." The phrase "while legally intoxicated" modifies the word "operation," denoting only a condition in existence at the time of operation. If the condition exists at that moment, inquiry need go no further.

Section 523(a)(9) of Title 11 was enacted not only to prevent drunk drivers from avoiding the consequences of their actions but also to create an objective standard to determine nondischargeability in drunk driving cases. *In re Cunningham*, 48 B.R. 641, 644 (Bkrtcy.W.D.Tenn.1985). *See also In re Richards*, 59 B.R. 541, 543 (Bkrtcy.N.D.N.Y.1986); *In re Adams*, 761 F.2d 1422, 1426 (9th Cir.1985). Defendant's theory would revive the necessity of the difficult case by case fact determinations which were necessary before the enactment of 11 U.S.C. § 523(a)(9). Nondischargeability of a drunk driving liability had previously been sought under the "willful and malicious" standard of 11 U.S.C. § 523(a)(6). *See e.g., In re Gonzales*, 52 B.R. 711 (Bkrtcy.E.D.Wis.1985), *In re Kuepper*, 36 B.R. 680 (Bkrtcy.E.D.Wis.1983). By the inescapable wording of 11 U.S.C. § 523(a)(9), Congress has indicated that such determinations are no longer necessary. *Cunningham, supra*, at 644.

Second, the civil judgment itself need not refer to the defendant's intoxication; this condition was not necessary to establish liability in the State Court action. If an issue was not decided and was not necessary to support a state court judgment, collateral estoppel does not apply. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987).

This argument concerning the silence of a civil judgment on the issue of intoxication was specifically rejected in *In re Pahule*, 78 B.R. 210, 212 (E.D.Wis.1987). It was sufficient, as occurred here, that the debt arose "from a judgment or consent decree entered in a court of record." 11 U.S.C. § 523(a)(9). Judge Warren stated that the Bankruptcy Court has the power to look beyond a generic civil judgment to the underlying cause, but that 11 U.S.C. § 523(a)(9) does not require a finding of intoxication in the judgment or consent decree. In any event, the Bankruptcy Court would be bound by the State Court's determination of legal intoxication in the criminal case. *Pahule, supra*. The existence of a civil judgment plus a criminal conviction for intoxicated operation of a vehicle was sufficient to support a finding of nondischargeability upon summary judgment in *Pahule*.

Defendant's reliance on *In re Brink*, 27 B.R. 377 (Bkrtcy.W.D.Wis.1983), in support of his contention that trial is necessary when there has been a default in state court is inapposite to this case. In *Brink* the creditor sought exception to the discharge of his debt on the ground of fraud. Default judgment had been entered against the debtor in state court in Illinois, but no evidence of the alleged fraud was placed on the record. The court found that the complaint alone was insufficient to show the fraud standard used by the Illinois judge in granting the judgment. Citing *In re Iannelli*, 12 B.R. 561, 564 (Bkrtcy.S.D.N.Y. 1981), the court stated that where the standard of proof in state court proceedings differs from that required in the Bankruptcy Court, or if the issue was not litigated at all, collateral estoppel does not apply. *Brink, supra*, at 379. Since the standard used in the Illinois action was not enunciated by the Court, the fraud issue required litigation in the Bankruptcy Court. Therefore, summary judgment for the plaintiff was properly denied. The plaintiff had to prove all of the elements of fraud to meet the nondischargeability requirements of 11 U.S.C. § 523(a)(2).

In this case all of the elements of 11 U.S.C. § 523(a)(9) are admitted by defendant and are on the record. The defendant's

liability arose from an accident in which he was legally intoxicated according to Wisconsin law. The accident occurred in Wisconsin. Liability and damages were established in a court of record. These are all of the elements required to sustain a finding of nondischargeability under 11 U.S.C. § 523(a)(9); no further proof is needed. Accordingly, plaintiff is entitled to summary judgment as a matter of law.

This decision shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

An order for judgment will be entered accordingly.

## ORDER FOR JUDGMENT

The Court having this day issued its memorandum decision,

IT IS ORDERED:

1. The plaintiff's motion for summary judgment is granted.

2. The debt owed plaintiff by defendant, as evidenced by judgment entered on January 13, 1986, in Kenosha County Circuit Court (Wisconsin), Case No. 85–CV–1676, in the principal amount of $4,727, is nondischargeable pursuant to 11 U.S.C. § 523(a)(9).